UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TUAN THANH PHAN,<br><br>              Petitioner,<br><br>   v.<br><br>DAN PACHOLKE,<br><br>             Respondent. | Case No. C07-5564BHS-KLS<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

Petitioner has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. This matter is before the Court on plaintiff's filing of a motion for appointment of counsel. (Dkt. #8). The Court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. See Rule

ORDER
Page - 1

Governing Section 2254 Cases in the United States District Courts 6(a).  In addition, the court has not determined an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. <u>See</u> Rule Governing Section 2254 Cases in the United States District Courts 8(c).  Petitioner also has not shown there is a likelihood of success on the merits.

Petitioner states in his motion that he is not conversant or knowledgeable in the law, and that the issues involved in this matter are complex.  The Court, however, does not find the issues presented by petitioner to be necessarily complex.  Nor is petitioner's lack of legal knowledge in itself a basis for the appointment of counsel at government expenses.  Petitioner also has not shown his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

Accordingly, petitioner's motion for appointment of counsel (Dkt. #8) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner.

DATED this 10th day of January, 2008.

Karen L. Strombom
United States Magistrate Judge