UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TUAN THANH PHAN,

                            Petitioner,

            v.

DAN PACHOLKE,

                            Respondent.

Case No.  C07-5564BHS-KLS

ORDER TO SHOW CAUSE

        This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

        On October 3, 2007,[1] petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d).  Section 2244(d) reads:

---

        [1]Although the petition was date stamped October 9, 2007, by the Clerk, and therefore was actually  filed with this Court on that date, it was signed by petitioner on October 3, 2007. (Dkt. #7).  Presumably, this is the date petitioner delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").  Accordingly, the date petitioner signed his petition shall be treated as the date he filed it with this Court.

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

For those persons in state custody whose convictions became final prior to the enactment of the AEDPA, the statute of limitations began to run on April 24, 1996, the date the AEDPA was enacted, and expired one year later on April 24, 1997, unless statutory tolling applied. Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir.1997), *overruled in part on other grounds by* Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir.1998) (en banc); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

It appears the AEDPA's one-year statute of limitations has run in this case.  Although the full state court record is not before the Court, based on information contained in petitioner's petition, his conviction and sentence apparently became final sometime in 2001. (Dkt. #7, Ruling Dismissing Personal Restraint Petition issued by the Washington State Supreme Court on September 27, 2007 ("Ruling Dismissing Petition"), p. 1).  In its Ruling Dismissing Petition, the state supreme court further noted that petitioner's "previous personal restraint petition was dismissed by the Court of Appeals as untimely on May 3, 2007. (Id.).  The court went on to state with respect to his second petition that "[a]s before, Mr. Phan did not file

his petition within one year after his judgment and sentence became final," specifically citing to RCW

RCW 10.73.090(1) and its "one year limit on collateral attack." (Id.).

Indeed, since 1989, Washington has had a one-year period of limitation within which a conviction

or sentence may be collaterally attacked:

No petition or motion for collateral attack on a judgment and sentence in a criminal
case may be filed more than one year after the judgment becomes final if the judgment
and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.090(1).  Washington state law also provides six statutory exceptions to the above time limit,

none of those exceptions apply in this case:

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that
is based solely on one or more of the following grounds:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in
discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its
face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United
States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient
to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law, whether substantive or procedural,
which is material to the conviction, sentence, or other order entered in a criminal or
civil proceeding instituted by the state or local government, and either the legislature
has expressly provided that the change in the law is to be applied retroactively, or a
court, in interpreting a change in the law that lacks express legislative intent regarding
retroactive application, determines that sufficient reasons exist to require retroactive
application of the changed legal standard.

RCW 10.73.100.

There is no indication that any of the above exceptions were found by the state courts to apply to

either of the two personal restraint petitions petitioner filed, and, at least with respect to the second such

petition, the Washington State Supreme Court specifically found none did. (Dkt. #7, Ruling Dismissing

Petition).  Clearly, then, it appears both personal restraint petitions petitioner filed in the state courts were

filed more than one year after petitioner's conviction and judgment became final in 2001.  Petitioner's

first personal restraint petition, furthermore, was dismissed as untimely by the Washington State Court of

Appeals on May 3, 2007, thereby further indicating it likely was filed well after 2001.

ORDER
Page - 3

Given that the AEDPA's statute of limitations is only one-year in length, and that five additional days ran between the time the Ruling Dismissing Petition and the date petitioner filed his federal *habeas corpus* petition in this Court – during which the statute of limitations was not tolled – it appears petitioner is now time-barred from filing in federal court.

Accordingly, the Court shall not serve the petition on respondent.  In addition, petitioner shall file by **no later than February 10, 2008**, an amended petition under 28 U.S.C. § 2254 showing his petition is not now time-barred, or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to petitioner.

DATED this 10th day of January, 2008.


Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4