UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TUAN THANH PHAN,

           Petitioner,

   v.

DAN PACHOLKE,

           Respondent.

Case No. C07-5564BHS-KLS

REPORT AND RECOMMENDATION

Noted for March 7, 2008

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as untimely.

## DISCUSSION

On October 3, 2007,[1] petitioner filed an application to proceed *in forma pauperis* and a petition for

---

[1] Although the petition was date stamped October 9, 2007, by the Clerk, and therefore was actually filed with this Court on that date, it was signed by petitioner on October 3, 2007. (Dkt. #7). Presumably, this is the date petitioner delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").

REPORT AND RECOMMENDATION
Page - 1

writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

On January 10, 2008, the undersigned issued an order to show cause, finding that it appeared the AEDPA's one-year statute of limitations had run in this case. Although the full state court record was not before the Court, based on information contained in petitioner's petition, his conviction and sentence apparently had become final sometime in 2001. (Dkt. #7, Ruling Dismissing Personal Restraint Petition issued by the Washington State Supreme Court on September 27, 2007 ("Ruling Dismissing Petition"), p. 1). In its Ruling Dismissing Petition, the state supreme court further noted that petitioner's "previous personal restraint petition was dismissed by the Court of Appeals as untimely on May 3, 2007. (Id.). The

---

Accordingly, the date petitioner signed his petition shall be treated as the date he filed it with this Court.

REPORT AND RECOMMENDATION
Page - 2

state supreme court went on to state with respect to his second petition that "[a]s before, Mr. Phan did not file his petition within one year after his judgment and sentence became final," specifically citing to RCW 10.73.090(1) and its "one year limit on collateral attack." (Id.).

The undersigned pointed out that, indeed, since 1989, Washington has had a one-year period of limitation within which a conviction or sentence may be collaterally attacked:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.090(1). Washington state law also provides six statutory exceptions to the above time limit, none of those exceptions apply in this case:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
>
> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
>
> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
>
> (3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
>
> (4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
>
> (5) The sentence imposed was in excess of the court's jurisdiction; or
>
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100.

The undersigned further found that there was no indication that any of the above exceptions were found by the state courts to apply to either of the two personal restraint petitions petitioner filed, and, at least with respect to the second such petition, the Washington State Supreme Court specifically found none did. (Dkt. #7, Ruling Dismissing Petition). The undersigned thus concluded that it clearly appeared both personal restraint petitions petitioner had filed in the state courts were filed more than one year after his conviction and judgment became final in 2001. In addition, petitioner's first personal restraint petition

REPORT AND RECOMMENDATION
Page - 3

was dismissed as untimely by the Washington State Court of Appeals on May 3, 2007, thereby further indicating it likely was filed well after 2001.

Given that the AEDPA's statute of limitations is only one-year in length, and that five additional days ran between the time the Ruling Dismissing Petition and the date petitioner filed his federal *habeas corpus* petition in this Court – during which the statute of limitations was not tolled – it appeared to the undersigned that petitioner was now time-barred from filing in federal court. As such, the undersigned declined to serve the petition on respondent. The undersigned further ordered petitioner shall file by no later than February 10, 2008, an amended petition under 28 U.S.C. § 2254 showing his petition was not now time-barred, or show cause why this matter should not be dismissed.

In his response to the undersigned's order to show cause, petitioner argues that his federal *habeas corpus* petition raises issues he could not have discovered earlier with reasonable diligence, because he just became aware of them by another inmate at the prison where he is incarcerated. Petitioner also states he wanted to give all of the state courts the opportunity to address the issues he raises, before bringing them to federal court. In addition, petitioner asserts that his issues are all jurisdictional or constitutional, and that no statute of limitations applies to such claims. He claims that failure to allow this matter to proceed would result in a grave miscarriage of justice. Lastly, petitioner argues that the state would not be prejudiced by allowing this matter to proceed.

It must be noted at the outset that petitioner himself now admits he failed to file his federal *habeas corpus* petition within the AEDPA's one-year statute of limitations. (See Dkt. #12, p. 4). Petitioner thus essentially is asserting that equitable tolling should apply here for the foregoing reasons. Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the

>       limitations period than where he encounters them at the end of limitations period. This
>       is the case because, if the prisoner is diligently pursuing his habeas petition, the
>       one-year limitations period will ordinarily give him ample opportunity to overcome
>       such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances).  Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714.

      Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.  While petitioner claims he just became aware of issues he raises in his petition from another inmate, which he could not have discovered earlier with reasonable diligence, he utterly fails to state what those issue are, when he first became aware of them, or why it was only through this inmate he could have learned of them.  Regardless, under 28 U.S.C. § 2244(d)(1)(D), which the undersigned presumes petitioner is relying on here, it is the "factual predicate" to the claims that is important, and not the issues themselves.  There is nothing in the record to show petitioner was not fully aware of the factual predicate of the grounds he raises in his petition prior to or as of the date on which his judgment became final. See 28 U.S.C. § 2244(d)(1)(A).

      Petitioner's next basis for seeking equitable tolling – that he wanted to give the state courts the opportunity to address the issues he raises – is equally without merit.  As noted above, the AEDPA's one-year statute of limitations is tolled for the entire time during which a properly filed application for state post-conviction or other collateral review is pending.  Such tolling is precisely for the purpose of allowing the state courts to do what petitioner states he wanted them to have the opportunity to do.  Petitioner has failed to show that he could not exhaust his state court remedies during that time, let alone that he has a right to seek state court remedies indefinitely.

      As to petitioner's assertion that because all of the issues he raises in his petition are jurisdictional or constitutional, no statute of limitations applies, that assertion simply is untrue.  As is clearly set forth above, the AEDPA expressly creates a one-year statue of limitations on the filing of petitions for federal

REPORT AND RECOMMENDATION
Page - 5

writs of *habeas corpus*. No exception is made thereto for jurisdictional or constitutional issues. Indeed, a petition for writ of *habeas corpus* is for the very purpose of attacking the legality or constitutionality of a conviction or sentence, and therefore petitioner's distinction between jurisdictional or constitutional and other issues is in effect meaningless, as such petitions invariably center on constitutional challenges. That is, were the Court to adopt petitioner's reasoning, the AEDPA would be rendered meaningless, something Congress clearly did not intend in enacting it.

Plaintiff argues that not allowing him to proceed with his petition despite its late filing, would be a grave miscarriage of justice. However, as noted above, the one-year statute of limitations, if state court remedies are diligently pursued, ordinarily provide a petitioner with ample opportunity to exhaust his or her state court remedies and proceed to federal court. As petitioner has failed to show the extraordinary circumstances required to be entitled to equitable tolling, the undersigned fails to see there would be any grave miscarriage of justice in also requiring him to abide by the statute of limitations here.

Finally, with respect to petitioner's assertion that the state would not be prejudiced if his petition were allowed to proceed, as clearly can be seen above, the AEDPA makes no requirement that the state establish prejudice in order for the one-year statute of limitations to apply. Rather, the one-year statute of limitations specifically was imposed by Congress to further its "desire to accelerate the federal habeas process," as previously "a petitioner had 'almost unfettered discretion' in deciding when to file his federal petition Nino, 183 F.3d at 1004-1005 (citations omitted). Petitioner's failure to abide by that statute of limitations – regardless of any prejudice to the state – or to establish entitlement to equitable tolling in this case, is therefore fatal to his petition.

## CONCLUSION

Because petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **March 7,**

REPORT AND RECOMMENDATION
Page - 6

1 | **2008**, as noted in the caption.

2 |     DATED this 11th day of February, 2008.

 

                          Karen L. Strombom
                          United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 7